IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

INEZ KINGSLEYNDEM,

    Plaintiff,

vs.                                    CIVIL ACTION NO.:_____

AT&T, INC, and AT&T PENSION BENEFIT PLAN,    3:14-CV-114-J-32PDB

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

COMES NOW the Plaintiff, INEZ KINGSLEYNDEM ("Kingsleyndem" or "Plaintiff"), by and through the undersigned attorney, and sues DefendantAT&T, INC ("AT&T") and AT&T PENSION BENEFIT PLAN ("the Plan"), and states:

### NATURE OF THE ACTION

1.     This is an action for monetary damages and injunctive and declaratory relief pursuant to the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et. seq.*, and federal common law created and existing pursuant to ERISA.

### PARTIES, JURISDICTION AND VENUE

2.     Kingsleyndem is an individual who now resides, and at all times relevant herein, resided within the Jacksonville Division of the Middle District of Florida. At all times relevant to this Complaint, Plaintiff was a "participant" in and/or "beneficiary" of the Plan within the meaning of 29 U.S.C. §§ 1002(7), (8).

3.     Plaintiff has standing to bring this action under 29 U.S.C. §§ 1132(a)(1)(B), (a)(3) and federal common law established pursuant to ERISA.

4.     Defendant Plan, located in Dallas, Texas, is the administrator of a pension benefit plan sponsored by, or co-sponsored by, Defendant AT&T for the benefit of its employees located within the Jacksonville Division of the Middle District of Florida, as well as other geographic locations.

5.     Defendant AT&T is a business corporation organized and existing under the laws of the State of Delaware, which regularly conducts business within the Middle District of Florida.

6.     The AT&T Pension Benefit Plan is an employee pension benefit plan established and maintained by AT&T which provides retirement income to its employees. Defendant AT&T Pension Benefit Plan is an "employee benefit plan" as defined in ERISA §3(3) of ERISA, 29 U.S.C. §1002(3), and an "employee pension benefit plan" as defined in ERISA §3(2)(A), 29 U.S.C. § 1002(2)(A).

7.     The employer that established and maintains the Defendant AT&T Pension Benefit Plan is Defendant AT&T. AT&T is therefore the "plan sponsor" of the AT&T Pension Benefit Plan within the meaning of ERISA §3(16)(B), 29 U.S.C. § 1 002(16)(B).

8.     The plan document for the AT&T Pension Benefit Plan designates AT&T as the plan administrator. Defendant AT&T is therefore the "administrator" of the AT&T Pension Benefit Plan within the meaning of ERISA §3(16)(A), 29 U.S.C. § 1 002(16)(A). The AT&T Pension Benefit Plan document also designates AT&T as a fiduciary of the Plan. Defendant

AT&T therefore functions as a "named fiduciary" for the AT&T Pension Benefit Plan within the meaning of ERISA §§402(a)(2) and 503(2), 29 U.S.C. §§ 1102(a)(2) and 1133(2).

9. Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331 and 29 U.S.C § 1132.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

11. Plaintiff began employment with a predecessor to AT&T on November 5, 1979. Plaintiff continued employment with AT&T predecessors and entities until her retirement.

12. Plaintiff transferred to a management position on April 1, 2010, making her eligible to participate in the Southeast Management Program, which is a component of the AT&T Pension Benefit Plan.

13. At all times material, Defendant AT&T maintained the AT&T Pension Service Center, as a division or subunit of its company, for the purpose of advising its employees on retirement benefits, and advising them of the value of such benefits.

14. Plaintiff began evaluating her retirement options prior to September 2012, when she contacted the AT&T Pension Service Center to determine the amount of benefits to which she would be entitled if she were to retire in January 2013. Plaintiff was notified that she would be entitled to $453,728.80 if she were to retire in January 2013.

15. Plaintiff thereafter contacted the AT&T Pension Service Center in December 2012 to finalize her election and confirm the amount of the benefits that would be available to her if she were to retire in January 2013, and was orally told that she would be paid the same

figure that was represented to her in September, $453,728.80, if she were to retire in January 2013.

16. Plaintiff could have continued working in her position for AT&T, but the $453,728.80 figure quoted to her by the AT&T Pension Service Center was a sufficient amount of money to permit Plaintiff to retire.

17. The AT&T Pension Service Center orally informed Plaintiff on multiple occasions prior to December 2012 that she would be paid the $453,728.80 lump sum amount upon retirement. The AT&T Pension Service Center mailed Plaintiff a Pension Election Authorization Form on December 7, 2012, confirming Plaintiff's election of the lump sum benefit, and advising Plaintiff in writing that her lump sum benefit would be the Non-Decreasing Lump sum benefit in the amount of $453,728.80.

18. The $453,728.80 benefit was consistent with the estimates of retirement benefits that Plaintiff had received for several years from the AT&T Pension Service Center, including a written estimate that was provided to Plaintiff on January 20, 2011.

19. Based on the oral and written representations she received from the AT&T Pension Service Center, Plaintiff submitted a signed Pension Election Authorization Form on December 10, 2012, and terminated her employment with AT&T on January 7, 2013.

20. Following her retirement from employment, Plaintiff contacted the AT&T Pension Service Center, seeking payment of her retirement benefits. After January 1, 2013, Defendants contracted with the Fidelity Service Center to provide calculation of retirement benefits.

21. Based on the delay in receiving her benefits, Plaintiff continued to contact representatives of the Fidelity Service Center and/or AT&T Pension Service Center.

22. On March 14, 2013, the Fidelity Service Center mailed Plaintiff a pension benefit calculation, concluding that Plaintiff was entitled to a pension with a lump sum benefit of $376,592.80, rather than the $453,728.80 that had been quoted to Plaintiff before her retirement from AT&T.

23. Had Plaintiff been informed that her lump sum retirement benefit would be $376,592.80 rather than $453,728.80, Plaintiff would not have retired in January 2013. Rather, Plaintiff would have continued working for Defendant AT&T until she had built a large enough retirement benefit to provide her with sufficient post-retirement income to pay for her living expenses.

24. Plaintiff could not return to employment with AT&T to participate in further enhancement of her retirement following the March 2013 notice that Defendants would pay her far less than the sum repeatedly represented to her before her retirement.

25. Plaintiff relied upon the verbal and written information provided to her by the AT&T Pension Service Center in making the decision to retire in January 2013, and would not have retired had the AT&T Pension Service Center informed her that the amount of retirement benefit was the substantially smaller $376,592.80, rather than the $453,728.80 quoted to her by the AT&T Pension Service Center.

26. Before filing this action, Plaintiff satisfied all administrative prerequisites of the Plan by filing a claim against the Defendant AT&T Pension Benefits Plan on March 26, 2013, and an appeal on June 28, 2013. Plaintiff supplemented her appeal September 4, 2013.

27. Defendant AT&T Pension Benefits Plan denied Plaintiff's appeal on November 25, 2013, providing Plaintiff with one year to pursue a claim under ERISA. Plaintiff has timely filed this action within the period permitted by the Plan and by ERISA.

28. The benefit estimate supplied to Plaintiff by Defendant in December 2012 was a material misrepresentation of the benefits payable to Plaintiff.

29. Plaintiff reasonably relied on such material misrepresentation, to her detriment, in planning for her retirement.

30. Pursuant to 29 U.S.C. § 1132(a)(3)(B), Plaintiff states that she is entitled to equitable relief to require Defendants to pay her the sums upon which she relied in making the decision to retire from her employment.

31. Accordingly, Defendants should be equitably estopped from denying Plaintiff the sum that Defendant led Plaintiff to believe she would receive under the Plan.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant them the following relief:

(a) enter judgment in her favor and against Defendants on the Complaint;

(b) grant her declaratory relief by declaring that Defendants' conduct was in violation of ERISA, and that Defendants are required to make payment to Plaintiff for the amounts she relied upon as a pension benefit when she made the election to retire;

(c) award her compensatory damages, including but not limited to the difference between the sum paid to Plaintiff for retirement benefits and the amount upon

which Plaintiff relied in making her decision to retire, with pre-judgment and post-judgment interest;

(d) pre-judgment and post-judgment interest on any amounts awarded;

(e) reasonable attorneys' fees and costs; and

(f) such other and further relief as this Court may deem just and proper.

Dated: January 28, 2014                            Respectfully submitted,

DELEGAL LAW OFFICES, P.A.

_____
T.A. "Tad" Delegal, III
424 East Monroe Street
Jacksonville, FL 32202
Telephone No.: (904) 633-5000
Facsimile No.: (904) 358-2850
Email: tad@delegal.net
Attorney for Plaintiff